Green, J.
delivered the opinion of the court.
The case stated in this bill, is in substance the same as that contained in the plea the complainant filed to the ac *36 tion at law against him. He had a full and fair trial at law, in a forum as competent to afford him relief as a court of chancery. The only excuse offered in the hill for coming into this court, is, that the complainant’s witness failed to state a material fact on his examination when the cause was on trial at law, and that complainant did not know of such omission until after the trial, as he cannot hear well, and therefore couldnot know what the witness said. This omission was not the result of accident, or fraud, or the act of the opposite party.' It was gross negligence on the part of the complainant and 'his counsel, not to interrogate the witness as to the fact in question, when the plea affirmed its existence, and his success in the cause depended on its proof. This case is not distinguishable from the cases of Kearney and Moore vs. Smith and Jackson, 3 Yer. Rep. 127: Thurmond vs. Durham, 3 Yer. Rep. 99.
Judgment affirmed.